IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

_____

| | | |
|---|---|---|
| JAMES MORRISON, | ) | Cause No. CV 09-148-BLG-RFC-CSO |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND |
| | ) | RECOMMENDATION OF |
| LEROY SPANG, President, | ) | U.S. MAGISTRATE JUDGE |
| Northern Cheyenne Tribe; | ) | |
| | ) | |
| Respondents. | ) | |

_____

On November 10, 2009, Petitioner James Morrison moved to proceed in forma pauperis with this action for writ of habeas corpus under 28 U.S.C. § 2241. He is proceeding pro se.

Morrison states that he has attempted to raise federal constitutional claims in the trial court but his claims have not been considered. He states that any further attempt at exhaustion would be futile. Pet. (doc. 1) at 2 ¶¶ 5-6.

Morrison must exhaust available remedies in the tribal courts before

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 1

this Court will consider his petition.  <u>Selam v. Warm Springs Tribal Corr. Facility</u>, 134 F.3d 948, 953-54 & n.6 (9th Cir. 1998); Felix S. Cohen, Handbook of Federal Indian Law § 9.09 (2005).  In <u>Selam</u>, the Ninth Circuit explained:

> The Supreme Court's policy of nurturing tribal self-government strongly discourages federal courts from assuming jurisdiction over unexhausted claims. See, e.g., <u>Three Affiliated Tribes v. Wold Eng'g, 476 U.S. 877, 890, 106 S.Ct. 2305, 2312-13, 90 L.Ed.2d 881 (1986)</u>; <u>Williams v. Lee, 358 U.S. 217, 220-21, 79 S.Ct. 269, 270-71, 3 L.Ed.2d 251 (1959)</u>. Additionally, "[a] federal court's exercise of jurisdiction over matters relating to reservation affairs can ... impair the authority of tribal courts." <u>Iowa Mut. Ins. Co. v. LaPlante, 480 U.S. 9, 15, 107 S.Ct. 971, 976, 94 L.Ed.2d 10 (1987)</u>. Considerations of comity, along with the desire to avoid procedural nightmares, have prompted the Supreme Court to insist that "the federal court stay[ ] its hand until after the Tribal Court has had a full opportunity ... to rectify any errors it may have made." <u>National Farmers Union Ins. Cos. v. Crow Tribe, 471 U.S. 845, 857, 105 S.Ct. 2447, 2454, 85 L.Ed.2d 818 (1985)</u>. The Supreme Court specifically has instructed us to require exhaustion of tribal appellate court remedies in situations like this one because "[t]he federal policy of promoting tribal self-government encompasses the development of the entire tribal court system, including appellate courts," <u>LaPlante, 480 U.S. at 16-17, 107 S.Ct. at 977</u>.

The Court concludes that, on balance, it must respect the sound reasons underlying the tribal exhaustion requirement.  There has been no sufficient showing that an appeal or other proceeding in a higher tribal court would be futile.  Morrison's petition should be dismissed without

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 2

prejudice.

Based on the foregoing, the Court enters the following:

RECOMMENDATION

1.  The Petition (doc. 1) should be DISMISSED for failure to exhaust tribal remedies.

2.  The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

NOTICE OF RIGHT TO OBJECT TO FINDINGS &
RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within fourteen (14) calendar days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Morrison must immediately inform the Court of any change in his mailing address.</u>  Failure to do so may result in dismissal of his case without notice to him.

DATED this 5th day of January, 2010.

/s/ *Carolyn S. Ostby*
United States Magistrate Judge